UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CAMILO BERNAL,

               Plaintiff,

          – against –

TRES AMIGOS CORP., *dba* LA PULPERIA,
TRES MOSQUETEROS CORP. *dba* LA
PULPERIA, and CARLOS BARROZ,
VICTOR MEDINA, and ANTHONY MEA,
JR., *individually*,

               Defendants.

**OPINION & ORDER**

18 Civ. 9567 (ER)

RAMOS, D.J.:

      Camilo Bernal brought this action on October 18, 2018, asserting violations of the Fair

Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").  Doc. 1.  Pending

before the Court is a request for approval of a settlement agreement (the "Agreement") between

Bernal and Defendant Anthony Mea, Jr.  Doc. 36.  For the following reasons, the request is

granted.

      In this Circuit, parties cannot privately settle FLSA claims with prejudice absent the

approval of the district court or the Department of Labor.  *Cheeks v. Freeport Pancake House,*

*Inc.*, 796 F.3d 199, 200 (2d Cir. 2015).  To determine whether a proposed settlement is fair and

reasonable pursuant to *Cheeks*, the Court must consider the totality of circumstances, including:

> (1) the plaintiff's range of possible recovery; (2) the extent to
> which the settlement will enable the parties to avoid anticipated
> burdens and expenses in establishing their respective claims and
> defenses; (3) the seriousness of the litigation risks faced by the
> parties; (4) whether the settlement agreement is the product of
> arm's-length bargaining between experienced counsel; and (5) the
> possibility of fraud or collusion.

*Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020) (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335–36 (S.D.N.Y. 2012)).  Additionally, factors that preclude approval include the presence of an overly broad release that waives claims beyond those related to wage-and-hour issues, a non-disparagement provision that prevents a plaintiff from making truthful statements related to her wage-and-hour claims, a confidentiality clause that has the same effect, and a provision barring a plaintiff from future employment with the defendant.  *See Cheeks*, 796 F.3d at 206; *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 180 & n.65 (S.D.N.Y 2015); *Zekanovic v. Augies Prime Cut of Westchester, Inc.*, No. 19 Civ. 8216 (KMK), 2020 WL 5894603, at *4 (S.D.N.Y. Oct. 5, 2020); *Weng v. T&W Rest., Inc.*, No. 15 Civ. 8167 (PAE) (BCM), 2016 WL 3566849, at *4–5 (S.D.N.Y. June 22, 2016).

The Court concludes that Bernal's settlement award is fair and reasonable.  To resolve Bernal's claims against Mea, the Agreement awards Bernal $2,000 and his counsel $1,000 in fees and litigation costs.  Doc. 36-1 at 2–3.  Bernal asserts that he is owed in excess of $50,000 in unpaid minimum wages and overtime from the period of September 2015 to May 2018.  Doc. 36 at 2.  Ordinarily, courts in this District reject agreements that propose settlement amounts that represent a low percentage of a plaintiff's proposed maximum recovery.  *See, e.g.*, *Villanueva v. 179 Third Ave. Rest. Inc.*, No. 16 Civ. 8782 (AJN), 2018 WL 3392870, at *2 (S.D.N.Y. July 12, 2018).  In the instant case, however, the proposed amount is fair and reasonable.  *See Flores Hernandez v. Vill. Nat. Rest. Corp.*, No. 19 Civ. 8378 (ER), 2020 WL 5518314, at *2 (S.D.N.Y. Sept. 14, 2020).  Despite the fact that this case was filed nearly three years ago, the case remains at an early procedural posture, and there is value to Bernal receiving a cash settlement without experiencing the risks and delays inherent in litigation.  *Pinzon v. Jony Food Corp.*, No. 18 Civ. 105 (RA), 2018 WL 2371737, at *2 (S.D.N.Y. May 24, 2018).  In particular, as Bernal's counsel

notes, Mea asserts that he has a complete defense to the instant suit, averring that he was a

passive investor who did not supervise or control Bernal's work, and therefore may not face any

liability as an "employer" under the FLSA and NYLL.  Doc. 36 at 2.  Thus, in light of the

asserted litigation risk, "the decision to forgo the burden and expense of trial is reasonable."

*Beckert v. Ronirubinov*, No. 15 Civ. 1951 (PAE), 2015 WL 8773460, at *2 (S.D.N.Y. Dec. 14,

2015).  The Agreement also appears to have been the product of arm's-length bargaining with no

evidence of fraud or collusion.  *See Pinzon*, 2018 WL 2371737, at *2 (quoting *Wolinsky*, 900 F.

Supp.2d at 335).  Finally, as Bernal notes, the litigation continues against the remaining

defendants, allowing Bernal to recover against them.  Thus, based on the immediacy of a cash

settlement and the avoidance of litigations risks associated with proceeding to trial, the Court

finds that the proposed settlement amount as to Mea is fair and reasonable.  *See Hyun v. Ippudo*

*USA Holdings*, No. 14 Civ. 8706 (AJN), 2016 WL 1222347, at *2 (S.D.N.Y. Mar. 24, 2016).

The Agreement also allocates a fair and reasonable portion of the settlement to Bernal's

attorney's fees.  "In an FLSA case, the Court must independently ascertain the reasonableness of

the fee request."  *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 229–30 (S.D.N.Y.

2016).  To determine the reasonableness of a fee request, courts consider the portion of the total

settlement amount, net costs, that the fee request represents.  *See id.* at 230; *see also Lazo v.*

*Kim's Nails at York Ave., Inc.*, No. 17 Civ. 3302 (AJN), 2019 WL 95638, at *1–2 (S.D.N.Y. Jan.

2, 2019).  Courts in this District routinely award one third of a settlement fund, net of costs, as a

reasonable attorney's fee in FLSA cases.  *Flores Hernandez*, 2020 WL 5518314, at *1; *see also*

*Gurung*, 226 F. Supp. 3d at 230.  Here, the fee award for Bernal's counsel is $1,000, representing

33.3% of the total settlement award in the Agreement.[1]  *See* Doc. 36-1 at 2–3.

---

[1] Bernal does not specify what portion of the $1,000 is allocated for litigation costs.  *See* Docs. 36 and 36-1.
Accordingly, the Court cannot determine the precise percentage that the fee award represents of the settlement fund,

Still, "[e]ven when a plaintiff has entered into a contingency-fee arrangement with [her] attorneys, and 'even when the proposed fees do not exceed one third of the total settlement amount, courts in this circuit use the lodestar method as a cross check to ensure the reasonableness of attorneys' fees.'" *Hernandez v. Boucherie LLC*, No. 18 Civ. 7887 (VEC), 2019 WL 3765750, at *4 (S.D.N.Y. Aug. 8, 2019) (quoting *Lazo*, 2019 WL 95638, at *2). The lodestar amount is the product of a reasonable hourly rate and the reasonable number of hours required for the case. *See Millea v. Metro-N. R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011). To determine the reasonableness of a requested hourly rate, the Court considers the prevailing market rate in this District. *Zhen Ming Chen v. Y Café Ave B Inc.*, No. 18 Civ. 4193 (JPO), 2019 WL 2324567, at *5 (S.D.N.Y. May 30, 2019). Courts in this District have found that an hourly rate ranging from $250 to $450 is appropriate for experienced litigators in wage-and-hour cases. *See id.*

Bernal's counsel represents that he has worked 45 hours on this matter. Doc. 36 at 3. Although those purported hours are not separated by defendant and Bernal's counsel has not specified an hourly rate, the Court still concludes that the fee award is fair and reasonable. *See Doe v. Solera Cap. LLC*, No. 18 Civ. 1769 (ER), 2021 WL 1725734, at *2 (S.D.N.Y. Mar. 3, 2021). Even if the hourly rate were at the low end of hourly rates typically found in FLSA cases, and the hours billed were reduced significantly, the proposed fee award would still be fair and reasonable. Indeed, if only a tenth of the hours billed were charged at an hourly rate of $250, the resulting lodestar would be $1,125, meaning that the proposed fee award—before subtracting litigation costs from that award—would yield a multiplier of 0.89 times the lodestar. Courts in this District have concluded that a multiplier no greater than 2 "should, in most cases, be

net of costs. *See Flores Hernandez*, 2020 WL 5518314, at *1. But because that percentage would be less than or equal to 33.3% regardless of the amount of litigation costs, the Court need not determine it. *See Doe v. Solera Cap. LLC*, No. 18 Civ. 1769 (ER), 2021 WL 1725734, at *2 n.1 (S.D.N.Y. Mar. 3, 2021).

4

sufficient compensation for the risk associated with contingent fees in FLSA cases," *Lazo*, 2019 WL 95638, at *3, and the multiplier here would be even lower with higher hourly rates and hours worked. Accordingly, the fee award is fair and reasonable. *See id.*

The Agreement otherwise represents a fair and reasonable settlement. *See Fisher*, 948 F.3d at 600. Accordingly, the request for approval of the Agreement is GRANTED, and the Clerk of Court is respectfully directed to terminate Mea from the case.

It is SO ORDERED.

Dated:   August 5, 2021
         New York, New York

_____
             EDGARDO RAMOS, U.S.D.J.